UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>JOHN DOE subscriber assigned IP address 24.23.123.186,<br><br>　　　　　Defendant. | Civil Action No. 2:18-cv-00851-CB |

## ORDER

**AND NOW**, this __3rd__ day of __August__, 2018, upon consideration of the Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference of Plaintiff Strike 3 Holdings, LLC ("Strike 3") (the "Motion"), it is **ORDERED and DECREED** that the Motion is **GRANTED.**

　　　**IT IS FURTHER ORDERED** as follows:

　　　1.　　Strike 3 may serve a Rule 45 subpoena on each Internet Service Provider ("ISP") listed in Exhibit A to the Complaint in order to obtain from the ISP the true name, address, and Media Access Control ("MAC") of each defendant identified by Internet Protocol ("IP") address in that Exhibit;

　　　2.　　Strike 3 shall attach to each subpoena a copy of this Order and the **Court-Directed Notice Regarding Issuance of Subpoena**, a copy of which is attached to this Order as Exhibit 1;

3. Strike 3 may serve a Fed.R.Civ.P. 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of Internet services to any defendant;

4. Strike 3 is directed to inform any ISP receiving a Fed.R.Civ.P. 45 subpoena from Strike 3 that the ISP is instructed to provide a copy of the Court-Directed Notice to each defendant within seven (7) days of service of the subpoena[1];

5. The ISP shall not release to Strike 3 or its attorneys any defendant's identifying information sooner than twenty-one (21) days after that ISP has sent the Court-Directed Notice to the defendant;

6. If either a defendant or an ISP files a motion challenging the subpoena, the ISP shall not provide any information to Strike 3 or its attorneys without an Order of the Court directing the ISP to produce the requested discovery;

7. Any future notices or communications to any defendant must be approved by the Court[2]; and

8. Strike 3 shall not disseminate or use the information disclosed in response to a

---

[1] The Court-Directed Notice satisfies the notice requirements of Fed.R.Civ.P. 45(a)(4).

[2] The Court shares the concerns of a number of district courts that the defendants might be subject to coercive settlement tactics absent limits. *See Patrick Collins v. John Does 1-54*, Civ. A. No. 11-1602, 2012 WL 911432, at *2 (D. Ariz. Mar. 19, 2012) (Snow, J.) (order). Of particular concern is the possibility that the names and addresses that the service providers will connect to the IP addresses identified in the complaint may not be those of the individuals who actually downloaded the film. *Cf. Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239 (S.D.N.Y. 2012) (Nathan, J.) (issuing a protective order under similar circumstances). Furthermore, the Court is also cognizant of the serious nature of copyright infringement and encourages settlement of disputes. Nevertheless, this Order will protect the Strike 3's interests in its intellectual property by ensuring that the ISPs recover and document all available defendants' identities, while protecting the defendants from the possibility of coercive settlement tactics.

Fed.R.Civ.P. 45 subpoena for any purpose other than in this action.

**IT IS SO ORDERED,**

By: \_s\Cathy Bissoon_____
**CATHY BISSOON, UNITED STATES DISTRICT JUDGE**

# COURT-DIRECTED NOTICE
# REGARDING ISSUANCE OF SUBPOENA

A subpoena has been issued directing your Internet Service Provider ("ISP") to disclose your name and address. The subpoena has been issued because you have been sued in the United States District Court for the Western District of Pennsylvania as a "John Doe" by **Strike 3 Holdings, LLC** ("Plaintiff"). This case is identified as **Strike 3 Holdings, LLC v. John Doe subscriber assigned IP address 24.23.123.186.** You have been sued for using the Internet and the BitTorrent protocol to infringe copyrights. The Plaintiff has identified you only as a "John Doe" and has served a subpoena on your ISP to learn your identity. This notice is intended to inform you of some of your rights and options.

## YOUR NAME HAS NOT YET BEEN DISCLOSED.
## YOUR NAME WILL BE DISCLOSED UNLESS YOU
## CHALLENGE THE SUBPOENA BY FILING A MOTION
## TO PREVENT DISCLOSURE.

Your name has not yet been disclosed. The Plaintiff has alleged enough information about your alleged infringement to obtain a subpoena to identify you, but no decision that you are liable for infringement has been made. You can challenge the subpoena by filing a motion to quash or vacate the subpoena twenty-one (21) days from the date of this notice. If you file a motion to quash the subpoena, your identity will not be disclosed until the motion is decided (the Plaintiff cannot proceed against you in the meantime). The Resource List below can assist you in locating an attorney to help you determine how to respond to the subpoena. If you do not file a motion to quash, your ISP will send your identification information to the Plaintiff after the expiration of the 21-day period.

## OTHER ISSUES REGARDING THE LAWSUIT AGAINST YOU

Once you are named as a defendant, the Plaintiff must establish jurisdiction over you in Pennsylvania to maintain a lawsuit against you in the District Court for the Western District of Pennsylvania. If you do not live or work in Pennsylvania, or visit the state regularly, you may be able to challenge the court's jurisdiction over you.

## RESOURCE LIST

The organizations listed below provide guidance on how to find an attorney. If you live in or near Pennsylvania or Allegheny County, the second and third listings below provide referrals for local attorneys. If you need a lawyer in a state other than Pennsylvania, you may contact that state's bar association.

- American Bar Association -http://www.abanet.org.
- Pennsylvania Bar Association -www.pabar.org; Lawyer referral service -
(800) 692-7375 or (717) 238-6807.
- Allegheny County Bar Association -http://www.acba.org/; Lawyer Referral Service -
(412)-261-5555.

**EXHIBIT 1**